UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jackie Ivan Coaxum, Jr. | ) | Criminal No.: 2:17-0919-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court is the Government's motion for summary judgment on Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 119). Defendant's § 2255 motion seeks to vacate his previous conviction and sentence on the grounds that: (1) he was unaware he belonged to a category of persons (a convicted felon) barred from possessing a firearm; (2) he was unaware he possessed a firearm; (3) he was wrongfully convicted of violating 18 U.S.C. § 924(c) because there was no evidence connecting him to a drug trafficking crime; and (4) his trial counsel was ineffective because there was insufficient evidence to convict him under § 924(c). (Dkt. Nos. 82, 98, 124). For reasons set forth below, the Government's motion for summary judgment is granted.

**Factual Background**

Petitioner pled guilty on March 5, 2018 to Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c). In the course of his plea colloquy and in his plea agreement, Petitioner was advised that that an element of his § 922(g) charge was that he "did knowingly possess in and affecting commerce a firearm and ammunition." (Dkt. Nos. 60 at 1; 77 at 9). The Presentence Report, which was adopted as the findings of fact at sentencing, stated that Petitioner engaged in

a high-speed chase after police officers attempted to make a traffic stop due to certain traffic violations and fled his vehicle. He was apprehended after a pursuit by officers. In a search of Defendant's vehicle, a loaded and stolen semiautomatic firearm, a Glock model 20, was located in the vehicle along with a large variety of illicit drugs presumptive for crack cocaine, oxycodone, and marijuana. (Dkt. No. 67 at 4-5). Petitioner acknowledged in his plea colloquy the truthfulness and accuracy of a factual summary provided by the Assistant United States Attorney, which included a description of an attempted traffic stop of Petitioner after he was observed in a high drug trafficking area, Petitioner's efforts to flee, and the discovery in the vehicle Petitioner was driving of a variety of illicit drugs, as well as the presence of "a semiautomatic Glock firearm with one round in the chamber and 14 rounds in the magazine . . . in plain view on the driver's floorboard." (Dkt. No. 77 at 17-19).

Petitioner's plea agreement contained a partial appeal waiver, in which he preserved his appellate and post-conviction rights only to instances of ineffective assistance of counsel, prosecutorial misconduct, or a change in the law affecting the lawfulness of his sentence. (Dkt. No. 60 at 5). The Court sentenced Petitioner to 70 months on the Felon in Possession Count and 60 months consecutive on the § 924(c) count, for a total of 130 months imprisonment. Petitioner filed no direct appeal and pursued this motion following the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

The adjudication of this motion was delayed by appellate litigation addressing the impact of prior convictions in which the "knowing" element of a defendant's legal status as a felon was not expressly addressed as an element for conviction under § 922(g). Ultimately, the Supreme Court ruled in *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021), that a district court's failure to address a defendant's knowledge of his status as a felon was not a structural error requiring

automatic reversal and, instead, was subject to plain error review where the knowledge issue was not preserved for appeal. The *Greer* court ruled that to satisfy plain error review, a defendant carries the burden of establishing a reasonable probability that a different outcome would have occurred had the defendant been aware of the knowledge element. *Id.* In the setting of a felon in possession charge, the Supreme Court noted that a defendant "faces an uphill climb in trying to satisfy the substantial rights prong of the plain error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon." *Id.* at 2096-97.

## Legal Standard

An incarcerated person in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255. In order to move the Court to vacate, set aside, or correct the sentence, the petitioner must demonstrate that (1) the sentence was imposed in violation of the Constitution or federal laws; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum time allowed by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

## Discussion

1. <u>Petitioner cannot carry his burden of establishing with reasonable probability that the outcome would have been different if he had been advised that knowledge of his legal status as a felon was an element of his offense under 18 U.S.C. § 922(g).</u>

Since Petitioner did not preserve the *Rehaif* issue, any challenge under § 2255 must be under a plain error standard. This requires a showing of (1) an error; (2) the error must be plain; and (3) the error must affect substantial rights of the defendant. This generally requires a showing of "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer*, 141 S. Ct. at 2096. As the *Greer* court noted, "a defendant with multiple prior

3

felony convictions and who admitted in his guilty plea he was a felon cannot generally show that a jury would have acquitted him." *Id*. at 2097-98. The *Greer* court concluded that "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Id*. at 2098, (*quoting United States v. Lavalais*, 960 F.3d 180, 198 (5th Cir. 2020)).

Petitioner's claim fails for the very reason the defendants in *Greer* did not prevail. Petitioner had a long history of felony convictions for drug and firearm offenses and failure to stop for a blue light, which resulted in a criminal history of V. He also acknowledged in his plea agreement and in his plea colloquy that he was guilty of his § 922(g) offense, which expressly required a prior conviction as a felon. Petitioner has failed to carry his burden of showing a reasonable probability the outcome would have been different had he been advised of the knowledge element for his § 922(g) charge and is, consequently, unable to prevail under a plan error review.

> 2.  <u>Petitioner's present claim that he was unaware he possessed a firearm and is thus actually innocent of the two firearm offenses in which he pled guilty is inconsistent with the facts established and admitted to prior to entry of his guilty plea and sentencing</u>.

A claim of actual innocence is highly relevant under many claims for post-conviction relief. Petitioner now claims he did not know he was in possession of a firearm. (Dkt. No. 124 at 1). This is inconsistent with the record at Petitioner's guilty plea and sentencing. Petitioner's guilty plea and plea colloquy plainly set forth as an element under § 922(g) that he "knowingly did possess . . . a firearm and ammunition." (Dkt. Nos. 60 at 1; 77 at 9). Petitioner acknowledged under oath at his guilty plea that a semiautomatic Glock firearm and ammunition was found in plain view, in the vehicle in which he was the sole occupant, on the driver's floorboard. (Dkt. No. 77 at 17-19). Further, Petitioner's counsel at sentencing acknowledged "he had the gun in his car." (Dkt. No.

4

78 at 10). Petitioner has failed to carry his burden of establishing he was actually innocent of the charges to which he pled guilty.

    3.    <u>Petitioner's present claim that there was no evidence connecting his firearm to a drug trafficking offense is inconsistent with the facts established and admitted to at his guilty plea and sentencing</u>.

Petitioner now claims there was no evidence connecting his firearm to drug trafficking activities, one of the elements of his § 924(c) conviction. Petitioner's plea agreement and plea colloquy clearly laid out that his firearm possession was in furtherance of a drug trafficking crime. (Dkt. Nos. 60 at 2; 77 at 9). Petitioner assured the Court in his plea colloquy that he understood the elements the Government would have to prove, and the Court made a specific finding that "defendant comprehends and understands the nature of the charges against him and generally what elements the Government would have to prove if a trial were held." (Dkt. No. 77 at 10). The Presentence Report detailed the various illicit drugs Petitioner possessed in his automobile in proximity with his loaded firearm, which the Petitioner did not object to and the Court adopted as the findings of fact for purposes of sentencing. (Dkt. Nos. 67 at 5-6; 78 at 7). Petitioner's counsel acknowledged at sentencing that a firearm, crack cocaine and meth were in his automobile. (Dkt. No. 78 at 10). Petitioner has failed to carry his burden of showing there was not sufficient evidence to connect his firearm to drug trafficking activity.

    4.    <u>Petitioner has failed to carry his burden of demonstrating ineffective assistance of counsel</u>.

Criminal defendants have a Sixth Amendment right to assistance of counsel, which extends to the plea negotiation process. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness

and (2) that a reasonable probability exists that, but for the counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). The district court must apply a "'strong presumption' that counsel's representation is within the 'wide range' of reasonable professional assistance." *Id.* (*quoting Strickland*, 466 U.S. at 689). A petitioner must also "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). Courts generally show a marked reluctance to accept counsel's "tactical decision" as evidence of ineffective assistance. *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington*, 562 U.S. at 105. The question is whether counsel's representation amounted to "unreasonableness under prevailing professional norms" rather than whether it deviated from best practice or the common custom. *Strickland*, 466 U.S. at 689.

With respect to prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, counsel's errors must be "so serious as to deprive

the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla*, 559 U.S. at 371.

Petitioner has failed to establish the presence of ineffective assistance of counsel in any aspect of his trial counsel's representation. First, there has been no showing that trial counsel's performance fell beneath an objective standard of reasonableness. Simply put, the evidence against Defendant on both counts was overwhelming. Petitioner fled from police officers in an attempted traffic stop and then abandoned his vehicle in an unsuccessful effort to avoid apprehension. His abandoned vehicle contained a loaded and stolen semiautomatic firearm with a magazine in plain view and a variety of illicit drugs, including crack cocaine, meth, and marijuana. Defense counsel's representation was reasonable in light of these very challenging facts.

Further, Petitioner is unable to demonstrate any prejudice from trial counsel's representation. In light of the overwhelming evidence, Petitioner was facing near certain conviction. Petitioner has failed to carry his burden of showing a reasonable probability that a different outcome would have occurred if a different (unidentified) approach had been taken.

## Conclusion

Based on the foregoing, the Government's motion for summary judgment on Petitioner's § 2255 petition (Dkt. No. 119) is **GRANTED**. Petitioner's § 2255 motion is **DISMISSED WITH PREJUDUCE**.

## Certificate of Appealability

28 U.S.C. § 2253 provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Defendant did not waive his right to bring this § 2255 petition pursuant to his plea agreement and that each ground for relief is without merit in light of the record and governing law. Therefore, a certificate of appealability is denied.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

November 17, 2021  
Charleston, South Carolina